

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00266-CR

---

YUSUF WILTSHIRE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 13F0032-202

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Yusuf Wiltshire has attempted to appeal from his conviction of aggravated sexual assault of a child and the resulting sentence of forty years' incarceration. On our review of the clerk's record, we noted that the trial court certified this to be a plea-agreement case in which Wiltshire has no right of appeal. By letter dated January 22, 2014, we informed Wiltshire of this potential jurisdictional defect and afforded him ten days in which to respond. On February 19, our correspondence was returned with indication that Wiltshire had been recently transferred to the Gurney Unit within the Texas Department of Criminal Justice Correctional Institutions Division. On the same date, our clerk's office sent another copy of the January 22 correspondence to Wiltshire at the Gurney Unit. On February 28, 2014, we received a letter from Wiltshire informing the Court of his recent transfer and requesting contact information for his appellate counsel. By letter of that same date, we informed Wiltshire that he had not been appointed counsel for appeal and enclosed, once again, a copy of our January 22 correspondence. We have heard nothing further from Wiltshire since that time.

Rule 25.2 of the Texas Rules of Appellate Procedures provides,

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
> (A)     those matters that were raised by written motion filed and ruled on before trial, or
> (B)     after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). Further, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See id*.

Because the trial court certified that Wiltshire has no right of appeal and because the record before us contains nothing to suggest that the certification is incorrect, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

We, therefore, dismiss this appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     April 22, 2014
Date Decided:       April 23, 2014

Do Not Publish